```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
   FELIX TAVAREZ,                    1:19-cv-7477 (NLH)

              Petitioner,            MEMORANDUM OPINION & ORDER

        v.

   WARDEN S. YOUNG,

              Respondent.
```

**APPEARANCES**:

Felix Tavarez
90004-054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner pro se

Craig Carpenito, United States Attorney
Elizabeth A. Pascal, Assistant United States Attorney
United States Attorney's Office
401 Market Street
P.O. Box 2098
Camden, NJ 08101
     Attorneys for Respondent

**HILLMAN, District Judge**

    WHEREAS, Petitioner Felix Tavarez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") failure to award him good time credit as required by the First Step Act of 2018, see ECF No. 1; and

WHEREAS, the Honorable Jerome B. Simandle, U.S.D.J.,[1] ordered Respondent Warden S. Young to answer the petition on April 23, 2019, see ECF No. 4; and

WHEREAS, Respondent filed an answer on June 10, 2019 asserting that Petitioner's arguments under the First Step Act were premature, see ECF No. 5; and

WHEREAS, Respondent filed a letter indicating that Petitioner's good time credits were recalculated in accordance with the First Step Act on July 1, 2019, see ECF No. 7, and

WHEREAS, this Court issued an Order to Show Cause why the petition should not be dismissed as moot, see ECF No. 8; and

WHEREAS, the mail sent to Petitioner's address of record was returned with the notation "Not Present", see ECF No. 9; and

WHEREAS, "[u]nder Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  The "case or controversy" requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome.  Burkey, 556 F.3d at 147 (citing Lewis, 494 U.S. at 477-78), and

WHEREAS, for there to remain a case or controversy, there

---

[1] The matter was reassigned to the undersigned on August 8, 2019. ECF No. 6.

2

must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition; and

WHEREAS, Petitioner only challenged the calculation of good time credits.  According to the documentation provided by the United States, Petitioner has received the relief he requested; and

WHEREAS, Petitioner has not responded to the Order to Show Cause within the time set by the Court,

THEREFORE, IT IS on this  29th   day of June, 2020

ORDERED that the petition is dismissed as moot; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular first-class mail at his last known address and mark this matter closed.

At Camden, New Jersey

　　　　　　　　　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.